IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Grace Louise Dahlquist,** : Chapter 13

:

**Debtor.** : Case No.  18-12049 (JKF)

### Order Denying Objection to Proof of Claim

This 27th day of April, 2020, upon consideration of the Debtor's Objection to Proof of Claim Number One filed by Gwynedd Club Condominium Association (doc. no. 53, the "Objection"):

*Procedural Background*

**AND** Grace Louise Dahlquist (the "Debtor") filed for chapter 13 bankruptcy protection in this court on March 28, 2018.

**AND** on April 25, 2018 and September 17, 2018, the Debtor filed proposed chapter 13 plans. On April 30, 2018 and September 18, 2018, Gwynedd Club Condominium Association (the "Association") objected to each proposed plan because the plans allegedly did not satisfy the arrears owed by the Debtor to the Association. Doc. nos. 26 and 52.

**AND** on June 13, 2018, the Debtor filed a Motion for Sanctions, alleging that the Association had violated the automatic stay by selling her property; the Motion was later settled by stipulation. See doc. no. 48.

**AND** on June 27, 2018, the Association responded to the Debtor's Motion for Sanctions.

**AND** at the Court's direction, the parties filed briefs regarding their positions pertaining to the Motion for Sanctions (doc. nos. 35 and 41).

**AND** on August 21, 2018, and in response to the Motion for Sanctions, the Court entered an Order that the May 30, 2018 Sheriff Sale of 17 Shannon Drive in North Wales, Pennsylvania (the "Property") is void.

**AND** on March 28, 2018, the Association filed proof of claim number one, a secured claim in the amount of $198,290.74 for fees and costs related to the Debtor's condominium (the "Proof of Claim" or the "POC").

**AND** on September 18, 2018, the Debtor filed an Objection to the Proof of Claim (the "Objection").

**AND** on February 22, 2019, the Association filed a Response to the Objection (doc. no. 62).

**AND** a hearing on the Objection was continued many times due to the proceedings in the state court (described below) being unresolved.

**AND** pursuant to a Stipulation of the parties, additional, updated briefs were filed on February 3, 2020 and February 24, 2020 (doc. nos. 94 and 99).

*Factual Background*

**AND** the Debtor became the owner of the Property and member of the Association by virtue of a deed recorded on March 21, 2002 (the "Deed").

**AND** the Deed specifies that the Property is subject to the Association's Declaration which was recorded on December 2, 1998 (the "Declaration").

**AND** a statutory lien filed against the Property on December 2, 1988 and perfected pursuant to the Pennsylvania Uniform Condominium Act, 68 Pa. C.S.A. §3315 (the "Act"),

includes a lien on unpaid assessments, fees, charges and late charges, fines, interest and reasonable attorneys fees incurred in collecting amounts owed.

**AND** the Property is not subject to a mortgage obligation.

**AND** the Debtor has been delinquent on her assessments and other charges owed to the Association **since September 2008**, a period of close to **12 years**.

**AND** according to the Account History Report attached to the Proof of Claim, the charges owed to the Association stem from events which occurred between March 1, 2002 and March 12, 2018 and may be broken down into amounts owed for the following:

- condominium fees
- special assessments
- gas
- late fees
- accelerated assessments
- legal fees
- compliance fines
- EMS meter install

See POC. See also, the Association's Brief, doc. no. 99 at 6-7.

**AND** prior to the bankruptcy filing, the Association initiated two related cases in the Montgomery Court of Common Pleas, which have since been consolidated: See Montgomery Court of Common Pleas Docket. #2011-19003 (an appeal from an *in personam* action) and docket # 2014-29149 (an *in rem* foreclosure action) (collectively, the "State Court Action").

**AND** the Debtor filed a total of four counterclaims in the State Court Action, all of which were dismissed by the state court judge (on December 12, 2011 and June 3, 2015). See the State Court Action.

**AND** the trial in the State Court Action was postponed due to the Debtor's filing for bankruptcy protection three times (see bankruptcy cases 17-10194, 17-10817, and the present bankruptcy case).

**AND** on May 11, 2017,[1] the State Court issued an Order which granted the Association damages of $173,221.93 (on both an *in rem* and *in personam* basis) (the "State Court Order"). See Montgomery Court Dockets 2011-19003 and 2014-29149.

**AND** the State Court Order included amounts owed to the Association for condominium fees, late fees, interest, gas charges and fines, as well as a total of $147,245.08 in attorney's fees (for services performed by four different law firms). See doc. no. 62 at 5.

**AND** the Debtor's appeals of the State Court Order were denied.[2] The State Court Order is a final order.

**AND** the foreclosure sale of the Property, scheduled for March 28, 2018, was stayed by the Debtor's bankruptcy.

**AND** the POC seeks amounts provided for by the State Court Order as well as additional assessments which have come due following the State Court Order.

---

[1] The State Court Action proceeded pursuant to an Order lifting the automatic stay which was entered on March 8, 2017.

[2] The final appeal order, denying the Debtor's Petition for Allowance of Appeal, was entered on December 31, 2019. See doc. no. 85.

**AND** the condominium Declaration section 5.6 states that the lien extends to "any unpaid regular or special assessments, together with interest thereon . . . reasonable attorneys fees incurred incident to the collection." (see Declaration, attached to the POC).

**And** the Declaration further states that "The Executive Board may take such action as it deems necessary to collect Regular and/or Special Assessments by personal action, or by enforcing and foreclosing said lien, and may settle and compromise the same, as it shall so determine." Declaration § 5.7.1.

*Parties' Arguments*

**AND** the Debtor makes three arguments in her Brief (doc. no. 94):

- The Association does not have a viable statutory lien pursuant to the Declaration.
- The POC amount is not a secured debt.
- The post-judgment amounts reflected in the POC are not reasonable.

**AND** the Association argues in its Brief that:

- Pursuant to the Rooker- Feldman doctrine, this court lacks subject matter jurisdiction to reconsider and or to reverse the State Court Order.
- The charges itemized in the Proof of Claim are necessary and reasonable pursuant to the State Court Order and Section 3315 of the Act.

**Legal Standard on Objection to Proof of Claim**

**AND** pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

**AND** A proof of claim is deemed "allowed, unless a party in interest. . . objects." 11 U.S.C. § 502(a). If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant' then the proof of claim is *prima facie* valid." In re Bennett, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (quoting In re Allegheny,Int'l, Inc., 954 F.2d 167,173 (3d. Cir. 1992)).

**AND** if a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." In re Umstead, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

**AND** with regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." In re Smith, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

**AND** Judge Frank has summarized the proof of claim allowance process:

> if a proof of claim complies with the Rules of Court and is self-sustaining (*i.e.* sets forth the facts necessary to state a claim and is not self-contradictory), it is *prima facie* valid and the objecting party has the burden of producing evidence to refute the claim. That evidence, if believed [must] refute at least one of the allegations that is essential to the claim's legal sufficiency . . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim . . . because the ultimate burden of persuasion is always on the claimant.

6

In re Smith, 463 B.R. 746, 766-67 (Bankr. E.D. Pa. 2912) (citations and internal quotations omitted).

**Pennsylvania Condominium Law**

**AND** the statutory lien against the Property was recorded and perfected pursuant to the Pennsylvania Uniform Condominium Act, 68 Pa. C.S.A. §3315.

**AND** the Act provides, *inter alia*, that "[t]he association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due . . . ." 68 Pa. C.S.A. §3315(a).

**AND** a lien in favor of a condominium for assessments is prior to all other liens except "[m]ortgages and deeds of trust on the unit securing first mortgage holders and recorded before the due date of the assessment." 68 Pa. Cons. Stat. Ann. §3315(b)(1)(ii) (2004).

**AND** such statutory liens in favor of condominium association arise "automatically" and are avoidable only under the limited terms of 11 U.S.C. §545(2). In re Mozingo, 222 B.R. 475, 479 (Bankr. E.D. Pa. 1998) vacated sub nom. Mozingo v. Pa. Dept. of Labor & Indus. Bureau of Unemployment Benefits & Allowances, 234 B.R. 867 (E.D. Pa. 1999).

**ANALYSIS**

**AND** the Debtor's first argument – that "to have a viable statutory lien . . . it was necessary for the [Association] to file first an in rem proceeding to establish its right to a lien per the terms of the Declaration . . . ." is misplaced. Brief at 4- 5.

**AND**, while the relevant provisions of the Declaration, as quoted above and relied on by the Debtor, may at best be ambiguous, the Debtor fails to produce evidence that the Association waived a right to a statutory lien on the Property by *first* failing to file an *in rem* procedure.

**AND**, contrary to the assertion of the Debtor, the Third Circuit decision <u>In re Makowka</u>, 754 F.3d 145 (3d Cir. 2014) does not stand for the proposition that an association must first seek *in rem* relief. In <u>Makowka</u>, the Court held that the condominium association did not enforce its statutory lien when it sued in debt rather than in foreclosure. The Court did not hold that attorney's fees could not be granted for *in personam* relief.

**AND** pursuant to the Act (as cited above), the Association has a first position secured lien on a condominium where, as here, there is no mortgage on the property. Thus, the amount owed to the Association is a secured debt.

**AND** the Debtor also argues, unconvincingly, that the State Court judgment should be reduced by amounts already paid by the Debtor. Brief at 6. However, the amount determined by the state court is a <u>final order</u>; thus *res judicata* prevents this court's reconsideration of the specific underlying facts. See <u>In re Bernadin</u>, 609 B.R. 26 (Bankr. E.D. Pa. 2019). The Debtor cites no authority to the contrary.[3]

---

[3] Relatedly, the Association's argument that this court lacks subject matter jurisdiction to make a determination in this matter pursuant to the <u>Rooker-Feldman</u> doctrine misses the mark. The <u>Rooker-Feldman</u> doctrine is not applicable here because the Debtor seeks relief based on events that preceded and followed the State Court Order. The Debtor does not complain of injuries *caused* by the State Court Order. <u>In re Faulkner</u>, 593 B.R. 263 (Bankr. E.D. Pa. 2018); <u>Great W. Minig. & Mineral Co. v. Fox Rothchild LLP</u>, 615 F.3d 159 (3d Cir. 2010).

Further, it is not reasonable to argue that the bankruptcy court lacks jurisdiction to determine a proof of claim objection, which is a matter within the court's core jurisdiction. See 28 U.S.C. § 157(b)(2)(B).

**AND** likewise, the Debtor fails to substantiate with evidence or documentation the argument that the post-judgment amounts in the proof of claim are invalid,[4] whereas the Association has provided evidence that these sums are reasonable. See Brief, Exhibit 1.

**AND** the Court finds that the fees and costs asserted by the Association in the Proof of Claim to be entirely reasonable, particularly given that the Association has been vigorously pursuing payment from the Debtor for over a decade.

**AND** the Debtor has failed to provide any factual evidence or legal basis for determining that the POC is invalid or incorrect and has thus failed to meet its burden regarding a claim objection.

**Conclusion**

**AND** upon consideration of the relevant factual and legal background, and for the reasons stated herein, it is hereby **ordered** that the Debtor's Objection to the Association's Proof of Claim (Proof of Claim Number One) is **hereby overruled**. Proof of Claim Number One is allowed in full as a secured claim.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[4] The Debtor attached 334 pages of exhibits and some 13 documents to its Brief. The Court could not identify any relevant documents contained therein, nor should it be the Court's duty to sift through evidence looking for something relevant. See e.g. Nipppo Corp./Intern.Bridge Corp. v. AMEC Earth & Environmental, Inc., 2011 WL 4401682, at *6 fn. 62 (E.D. Pa. Sep. 21, 2011) (citation omitted).