**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:  Grace Louise Dahlquist            ) | |
| ) | Case No.:     18-12049 |
| Debtor            ) | Chapter:        13 |

**LETTER BRIEF OF DEBTOR, GRACE l. DAHLQUIST, IN SUPPORT OF HER MOTION TO AVOID LIENS PURSUANT TO 11 U.S.C. § 522 RELATING TO THE JUDGMENT LIEN OF THE GWYNEDD CLUB CONDOMINIUM ASSOCIATION**

**INTRODUCTION**

Grace L. Dahlquist (hereinafter Debtor) commenced a voluntary chapter 13 bankruptcy on March 28, 2018. Among debts owed by the estate included money to the Gwynedd Club Condominium Association (hereinafter Gwynedd Club). The first time Debtor filed for Chapter 13 protection, the claim of the Gwynedd Club was disputed, and neither liquidated nor in the form of a judicial lien. The claim of the Gwynedd Club was liquidated and reduced to judgment as a result of an Order from this Court which granted relief from the bankruptcy stay[1] to allow the claim of the Gwynedd Club to proceed to trial in the state court which thereafter reduced the claim to judgment. At the time that Debtor originally filed for protection under the Bankruptcy Code, the Gwynedd Club had two pending civil actions that **had not been reduced to judgment.** As such, the judgment lien in question did not exist until **after** Debtor commenced her initial case.

Debtor acknowledges that having exhausted all possible appeals relating to the Gwynedd Club's judgments that it obtained against the Debtor, the judgment entered is a final judgment.

---

[1]See Order, March 8, 2017 relating to U.S. Bankr. Ct. E.D. Pa. 17-10817. That Order implicitly recognized the need for separation of the component parts of the judgment as Judge Raslavich requested that the state court separate the components of the judgment into categories. The state court did not abide by this request entering a single lump sum.

1

However, but for, specifically, the statutory lien, the entire judicial lien arising from the judgment would be avoidable to the extent that it impairs exemptions pursuant to 11 U.S.C. § 522. The statutory lien in this matter is also secured by real property, and the current plan of the Debtor proposes to pay the value of that real estate through the Plan together with some other items that the are required by the bankruptcy law.

The present Petition before the Court looks to address the portion of judicial lien created by the judgment, which extends over to other non real property that is exempt and asks the Court avoid the same. At the same time, the Amended Plan looks to pay the value of the unexempt real estate. The amount of payments proposed through the Amended Plan reflects the amount of the statutory lien of the Gwynedd Club as this lien amount is unavoidable. Once Debtor satisfies the statutory lien, she may then emerge from this bankruptcy with a fresh start.

**QUESTIONS INVOLVED**

The court has asked the undersigned to address several specific questions through this brief which are understood by the undersigned to be as follows:

1. Is debtor precluded by collateral estoppel from seeking to avoid the judgment lien because of an objection filed to the Gwynedd Club's proof of claim that this Court has denied.

2. Is there case law that exists which would allow a debtor to divide a judgment lien into component parts for the purpose of performing exemption impairment analysis pursuant to 11 U.S.C. § 522.

**ARGUMENT**

    A.    **Collateral estoppel does not preclude the Debtor from requesting Section 522 lien avoidance.**

Collateral estoppel is issue preclusion that requires the question to have been previously raised, actually litigated, determined by a valid judgment that was essential to the outcome of the matter. In re Ross, 602 F.2d 604, 607-08 (3d Cir. 1979). Debtor never raised Section 522 in her objection to the Gwynedd Club's proof of claim.[2] Debtor challenged the secured nature of the Gwynedd Club's proof of claim asserting 3 questions in the supporting brief filed in support of sustaining the objections.

Two of those arguments are relevant to the analysis of this Court in determining the whether collateral estoppel should apply as the arguments raised did address the issue of the judgment. However, it did not address the judgment in the context of Section 522 judicial lien avoidance. Rather, the undersigned sought, albeit unsuccessfully, to remove the statutory lien because the Gwynedd Club waived its right to perfect this lien. The argument further asserted, again albeit unsuccessfully, that if the Court rejected that position, finding the existence of a perfected statutory lien, the undersigned sought to have a portion of the Gwynedd Club's secured claim declared unsecured.

However, the argument that followed relating to why the debt should be deemed unsecured did not address Section 522 judicial lien avoidance. Rather, the undersigned asserted that the Court in allowing relief from the stay in the initial case, took debt that was otherwise unsecured prior to

---

[2]Even if some how it is construed to have possibly been at issue in the Objection to the Proof of claim, as an equitable doctrine, collateral estoppel is not an absolute right. See B.V. v. Merrill Lynch & Co., Inc., 372 F.3d 488, 493 (2d Cir. 2004).

3

the filing of the bankruptcy[3] and made it secured by virtue of the judgment that the state court entered after relief from the stay had been obtained. The argument sought to separate out an attorney's fee of $78,906.48 as an unsecured obligation from the secured claim of the Gwynedd Club because it was attorneys fees NOT to collect the outstanding condominium obligations (which would be statutory lien items) but rather to defend against a counterclaim Debtor filed against the Gwynedd Club for breach of contract and other matters.

The Order denying the objection to the proof of claim merely said "denied." Which if one is candid to the tribunal is the proper result. This Court, rightly or wrongly, previously granted relief from the stay in the initial case. That relief allowed for a judgment to be entered against the debtor in state court. That judgment creates a judicial lien that allows for the claim of the Gwynedd Club to hold a secured creditor status for the value of its judgment lien for the full amount. However, as will be demonstrated below, the judicial lien cannot extend over to property that is exempt and to the extent that it impairs an exemption, it may be avoided. 11 U.S.C. § 522. As such, there is no reason to apply collateral estoppel to the Section 522 analysis.

> **B.** **It begs the question as to whether case law exists that allows for a judgment lien to be broken into component parts.**

The issue of whether a judicial lien may be broken into component parts begs the question as the analysis of Section 522 applies solely to judicial liens. In re Lowry, 27 Bankr. 524, 525 (M.D. Pa. 1983). Absent the existence of the Gwynedd Club's statutory lien, that is in addition to its judicial lien, we would not be having this discussion. Judicial liens by their definition are avoidable to the extent that it impairs exemptions. 11 U.S.C. 522(f)(1).

---

[3] See Footnote one, infra.

The undersigned has queried the question of whether a judicial lien may be broken into components parts without success, either negative or positive. That said, perhaps the reason for this is because the judicial lien is entirely avoidable to the extent that it impairs objections. The Code defines three types of liens: judicial, statutory and security interest. Lowry, 27 Bankr. at 525. "Each of these three items has been construed as being mutually exclusive." Id.

Unlike a judicial lien, there is no provision in the Code that allows one to avoid a statutory lien. Thus, the question becomes one of Plan funding meaning that the real estate value, which is unexempt and serves as the security for the statutory lien must be paid in full through the Amended Plan as the real estate collateral is tied directly to the statutory lien.

It is understood that a statutory lien may not be avoided under Section 522(f)(1). In re Schick, 418 F.3d 321, 328 (3d Cir. 2005). This is why the undersigned funded the Amended Plan to cover the amount of the statutory lien and additional obligations that must be paid to obtain a fresh start by virtue of a discharge. Section 506 of the Code allows a court to value a lien of a creditor. Given that it is a question of the statutory lien's value that is at hand (which Debtor asserts is a different value than the judicial lien), this motion to avoid is proper and should be permitted to proceed forward.

Respectfully submitted:

By: *William P. Marshall*
WILLIAM P. MARSHALL, ESQUIRE
Attorney for Debtor,
Grace Louise Dahlquist